UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICE ENGINEERING, INC.,
        Plaintiff,

v.                                                            Case No. 04-C-0025

CUSTOM METALCRAFTERS, INC.,
        Defendant.

**ORDER**

The plaintiff, Rice Engineering, Inc.(Rice), filed this action for breach of contract in state court. Custom Metalcrafters, Inc., (Metalcrafters), asserting diversity jurisdiction, removed the case to federal court and, at the same time, filed a motion for transfer of venue pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, Metalcrafter's motion will be granted.

Rice is a Wisconsin Corporation located in Luxemburg, Wisconsin. Metalcrafters is a New York Corporation with its principal place of business in Albertson, New York. On November 6, 2001, Rice and Metalcrafters entered into an Engineering Services Agreement under which Rice was to perform certain services, including consulting work, field surveying and measuring, and to provide shop drawings, fabrications drawings, and calculations for custom panels and custom metal fabrications. The items were then to be fabricated and used by Metalcrafters for the construction/renovation of the New York Port Authority bus terminal located in New York, New York.

Rice commenced this action in Wisconsin state court on October 17, 2003, alleging that Metalcrafters had failed to pay Rice more than $91,000 for additional work Rice had performed

under the contract. It asserted claims against Metalcrafters for breach of contract, unjust enrichment and *quantum meruit.* Shortly thereafter, but before it was served in the Wisconsin action, Metalcrafters filed suit against Rice for breach of contract and negligence arising out of the same contract in the United States District Court for the Eastern District of New York. Although the pleadings in that action are not before me, it appears from Metalcrafters's motion to transfer venue that it has alleged in that action that many of the shop drawings and fabrication drawings Rice produced "contained substantial and significant errors, including, but not limited to, missing part numbers, missing detail drawings, incorrectly drawn parts, and incorrect fastener descriptions." (Def's Mot. and Br. at 2.) As a result of these errors, Metalcrafters alleges, numerous parts had to be replaced or refabricated and there were delays in the construction of the terminal. (*Id.*) Metalcrafters claims that the increased costs attributable to Rice's errors amount to $283,000.

A district court may transfer a civil action "for the convenience of parties and witnesses [and] in the interest of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate under § 1404(a) where: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice. *Id.; Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 & n.3 (7th Cir. 1986). It is in the sound discretion of the trial judge to determine the weight accorded to each factor. *See Coffey*, 796 F.2d at 219.

Rice does not dispute that the action might have been brought in the Eastern District of New York. In order to justify a transfer Metalcrafters must show that the Eastern District of New York is a "clearly more convenient" forum. *Id.* at 219-20. Thus, the question is whether Metalcrafters has made such a showing. That determination is made by considering a broad set of factors affecting

2

both public and private interests. *PKWare, Inc. v. Meade* 79 Fed. Supp.2d 1007, 1019 (E.D. Wis. 2000). The private factors to be considered by the court include "plaintiff's choice of forum, the situs of operative events, the convenience of the parties and witnesses relative to their respective residences and the parties' abilities to bear the expense of trial in a particular forum." *Id.* The public factors to consider include "judicial economy, the expeditious administration of justice, and the availability of compulsory process over possibly unwilling witnesses." *Id.*

Here, consideration of these factors leads me to conclude that a transfer is warranted. At present, there are two actions concerning the contract between Rice and Metalcrafters pending in two different federal courts – this case, in which Rice claims it has not been paid for its work, and the one brought by Metalcrafters in the Eastern District of New York in which Metalcrafters claims that Rice's failure to properly perform resulted in increased costs. The interest of judicial economy is best served by consolidation of these actions. Consolidation would also serve the interests of the parties since one lawsuit is bound to be less expensive than two. Since I do not have authority to consolidate a case pending in another district, and plaintiff has apparently filed no motion seeking transfer of the other action here, consolidation is only likely to occur if Metalcrafters's motion is granted.

I am also satisfied, viewing the dispute in its entirety, that the Eastern District of New York is clearly the more convenient forum. It is true Rice performed some of its work in Wisconsin. It drafted the shop drawings, fabrication drawings and made calculations at its home offices. But the fact that Rice prepared such drawings is not in dispute and will require few, if any witnesses to establish, all of whom are employed by Rice. Metalcrafters's claim, on the other hand, is that the drawings Rice prepared contained errors that resulted in defective panels that did not fit and could not be used in the manner intended. Metalcrafters points out that the witnesses who will provide

testimony on this issue, as well as the actual panels fabricated from Rice's drawings, are in New York, as is the building to which they were to be attached. Thus, while the drawings drafted by Rice are as easily accessible in New York as Wisconsin, the physical evidence on which Metalcrafters intends to rely, as well as the witnesses who are familiar with it, are in New York. Metalcrafters has identified ten nonparty witnesses involved on the project in New York who would testify as to the quality of the work performed by Rice on its shop and fabrication drawings. These witnesses, while available in New York, could not be compelled to travel to Wisconsin for trial here.

I have considered the fact that Rice, as plaintiff, chose this forum. But this factor does not outweigh the clear convenience to and availability of nonparty witnesses in New York. I also note that Rice traveled to New York to perform a portion of its work. It performed its field surveying and field measuring at the construction site in Manhattan. An engineering firm that agrees to perform engineering services for the construction of a building in New York and that travels to New York to perform those services should not be surprised that a lawsuit concerning alleged defects in the work it performed would be venued in New York. I find no injustice in concluding that Rice must defend its work where the building is located.

Accordingly, **IT IS ORDERED**, that the defendant's motion to transfer venue is **GRANTED** and this action is hereby transferred to the United States District Court for the Eastern District of New York.

Dated this 3rd day of March, 2004.

/s/ William C. Griesbach
William C. Griesbach
United States District Judge

4